## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **HENRY C. HILL, Inmate #B62006,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL NO.  05-714-GPM** |
| ) | |
| **ROGER WALKER, GREGORY** ) | |
| **LAMBERT, T. CHAPMAN, M. BUTLER,** ) | |
| **DEBBIE ISAACS, JANE DOE,** ) | |
| **MARY DOE, and SHEILA SIMPSON,** ) | |
| ) | |
| **Defendants.** ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, Chief District Judge:**

This action comes before the Court for review of Plaintiff's amended complaint (Doc. 12)

pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Upon careful review of the complaint and any

supporting exhibits, the Court finds that none of the claims in the complaint may be dismissed at this

point in the litigation.

## PROCEDURAL BACKGROUND

Plaintiff filed his initial complaint in September 2005. In August 2006, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim (Doc. 7). The Court noted in the order of dismissal that in Count 1 of the complaint Plaintiff had stated facts that could constitute deliberate indifference to his serious medical needs, but that he had failed to state a claim because he did not name any defendants specifically responsible for constitutional violations.[1] On September 5, 2006, Plaintiff filed a motion for leave to amend the complaint so that he might name the defendants responsible for denying him medical treatment (Doc. 8). The Court denied this motion because the proposed amended complaint did not conform to the local rules, but granted Plaintiff 30 days leave to file an amended complaint in compliance with the local rules (Doc. 9). Plaintiff filed a second motion to amend the complaint on November 20, 2006 (Doc. 10), which the Court granted on December 18, 2006 (Doc. 11). The Court now proceeds with its review of the amended complaint (Doc. 12).

## FACTUAL ALLEGATIONS

Plaintiff suffers from myasthenia gravis, a rare autoimmune disorder that causes muscle weakness, double vision, and difficulty breathing, talking, chewing, and swallowing. Between July 2004 and June 2005, Defendants Lambert and Isaacs employed three or four different physicians at Big Muddy River Correctional Center. As a result of the physician turnover, Plaintiff did not receive any medication or treatment for his illness during that period. Defendant Isaacs scheduled Plaintiff to see these three or four different physicians, and each one asked Plaintiff to sign medical

---

[1] Count 2 of the complaint was dismissed without prejudice to Plaintiff's refiling the claim in a habeas corpus action after he had exhausted his state court remedies.

release forms so that he or she might retrieve his pre-incarceration medical records. Despite their knowledge of Plaintiff's condition and need for treatment, Defendants Isaacs and Jane and Mary Doe never submitted these forms to the relevant hospitals and the information was never received. The lack of treatment caused Plaintiff's conditions to worsen, causing extreme weakness, dropped eyelids, and difficulty breathing. Plaintiff states that Defendants Chapman, Butler, Lambert, Walker, and Simpson knew of his medical condition and lack of treatment but took no action to ensure that Plaintiff received the necessary medical care.

### LEGAL STANDARDS

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994). This encompasses a broader range of conduct than intentional denial of necessary medical treatment, but it stops short of "negligen[ce] in diagnosing or treating a medical condition." *Estelle*, 429 U.S. at 106. *See also Jones v. Simek*, 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied*, 519 U.S. 897 (1996).

> A prisoner raising an Eighth Amendment claim against a prison official therefore must satisfy two requirements. The first one is an objective standard: "[T]he deprivation alleged must be, objectively, 'sufficiently serious.'" *Farmer*, 511 U.S. at —, 114 S. Ct. at 1977. As the Court explained in *Farmer*, "a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* The second requirement is a subjective one: "[A] prison official must have a 'sufficiently culpable state of mind,'" one that the Court has defined as "deliberate indifference." *Id; see Hudson v. McMillian*, 503 U.S. 1, 5, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) ("[T]he appropriate inquiry when an inmate alleges that prison officials failed to attend to serious medical needs is whether the officials exhibited 'deliberate indifference.'"); *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976) ("[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'").

*Vance v. Peters*, 97 F.3d 987, 991-992 (7th Cir. 1996).  However, the Supreme Court stressed that this test is not an insurmountable hurdle for inmates raising Eighth Amendment claims:

> [A]n Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm....  Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, … and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Farmer*, 511 U.S. at 842.

The Seventh Circuit's decisions following this standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm.  The Circuit also recognizes that a defendant's inadvertent error, negligence, or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation.

> Neglect of a prisoner's health becomes a violation of the Eighth Amendment only if the prison official named as defendant is deliberately indifferent to the prisoner's health – that is, only if he 'knows of and disregards an excessive risk to inmate health or safety.'

*Williams v. O'Leary*, 55 F.3d 320, 324 (7th Cir. 1995); *see also Steele*, 82 F.3d at 179 (concluding there was insufficient evidence of doctor's knowledge of serious medical risk or of his deliberate indifference to that risk; emphasizing that even malpractice is not enough proof under *Farmer*); *Miller v. Neathery*, 52 F.3d 634, 638-39 (7th Cir. 1995) (applying *Farmer* mandate in jury instruction).  However, a plaintiff inmate need not prove that a defendant intended the harm that ultimately transpired or believed the harm would occur.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir. 1996).

Based on Plaintiff's allegations and these legal standards, Plaintiff may proceed against

Defendants Lambert, Isaacs, Chapman, Butler, Walker, Simpson, Jane Doe, and Mary Doe on this claim.

**DISPOSITION**

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for **Defendants Isaacs, Simpson, Jane Doe, and Mary Doe** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.[2]  The Clerk of Court is **DIRECTED** to send Plaintiff **four (4)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made on a defendant until Plaintiff submits a properly completed USM-285 form for that defendant.** *Service shall not be made on the Unknown (Doe) Defendants until such time as Plaintiff has identified them by name on a USM-285 form and in a properly filed amended complaint.  Plaintiff is ADVISED that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.*

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for **Defendants Walker, Lambert, Chapman, Butler, Isaacs, Simpson, Jane Doe, and Mary Doe**.  The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on **Defendants Walker, Lambert, Chapman, Butler, Isaacs, Simpson, Jane Doe, and Mary Doe** in the manner specified by Rule 4(d)(2) of the Federal Rules

---

[2]According to the Court's docket, Plaintiff has already submitted USM-285 forms for Defendants Walker, Lambert, Chapman, and Butler.

of Civil Procedure.  Process in this case shall consist of the complaint, applicable Forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of the Illinois Department of Corrections (I.D.O.C.) who no longer can be found at the work address provided by Plaintiff, I.D.O.C. shall furnish the Marshal with the Defendant's last-known address upon issuance of a Court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address shall be retained only by the Marshal. Address information obtained from I.D.O.C. pursuant to such order shall not be maintained in the Court file nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service, as well as any requests for waivers of service that are returned as undelivered, as soon as they are received.  If a waiver of service is not returned by a Defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk of Court prepare a summons for that Defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Memorandum and Order upon that Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for that Defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said Defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285

forms, if required.  Costs of service will be taxed against the personally-served Defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless said Defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon their attorney(s), a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to Defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule of the United States District Court for the Southern District of Illinois 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pretrial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to do so will result in dismissal of this

action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED:  01/10/07

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge